**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| A.B.C. PLUMBING, HEATING, COOLING & ELECTRIC, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. 25 C 13906 |
| v. | ) ) | |
| | ) | Judge Sara L. Ellis |
| ABC HVAC SERVICES, INC. and HATTEM O. DAOUDI, | ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff A.B.C. Plumbing, Heating, Cooling & Electric, Inc. ("A.B.C. Plumbing") filed this lawsuit against Defendants ABC HVAC Services, Inc. and Hattem O. Daoudi (collectively, "ABC HVAC"), asserting claims for trademark infringement, unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a); deceptive trade practices under the Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1 *et seq.*; common law trademark infringement; and common law unfair competition and unfair trade practices. ABC HVAC now moves to dismiss. Because the Court finds that neither *res judicata* nor collateral estoppel bars A.B.C. Plumbing's claims, and because A.B.C. Plumbing has sufficiently stated a claim for trademark infringement, the Court denies the motion to dismiss.

## BACKGROUND[1]

A.B.C. Plumbing is an Illinois corporation offering plumbing, sewer and drain, heating, air conditioning, and electric services to homeowners and commercial businesses in Illinois, Indiana, and Florida.  A.B.C. Plumbing owns the common law rights to standard text and block letter stylized "ABC" marks for these services, including the following:



Doc. 1 ¶ 11.  A.B.C. Plumbing's predecessor first began using the "ABC" marks in 1948, and A.B.C. Plumbing acquired all rights, title, and interest in the marks in 1968.  A.B.C. Plumbing spends millions of dollars annually to advertise its services using the "ABC" marks and "has grown into one of the most well-known brands in the Chicago metropolitan area."  *Id.* ¶ 14. Indeed, in 2017, *CONTRACTOR* magazine wrote that "[o]ne of the most easily recognized logos in the Chicago area belongs to ABC Plumbing Heating Cooling Electric."  *Id.* ¶ 14.

On or about March 20, 2020, however, ABC HVAC began offering heating, air conditioning, and ventilation services in the Chicago metropolitan area under the name and mark "ABC HVAC Service."  In January 2025, ABC HVAC rebranded its website, abchvacservice.com, to feature the following allegedly infringing mark:



---

[1] The Court takes the facts in the background section from A.B.C. Plumbing's complaint and the exhibit attached thereto and presumes them to be true for the purpose of resolving ABC HVAC's motion to dismiss.  *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

*Id.* ¶ 16.  ABC HVAC also includes the following language on its website:

> Welcome to ABC HVAC Service, the premier destination for comprehensive heating and cooling solutions in Chicago.  With a rich history of excellence spanning years, we take immense pride in being your trusted partner for creating comfortable, welcoming, and energy-efficient indoor environments.  At ABC HVAC Service, we're more than just a heating and cooling company— we're your dedicated allies in achieving the utmost comfort and convenience in your home or business.

*Id.* ¶ 17.  According to A.B.C. Plumbing, this language blurs the lines between ABC HVAC's "relatively new business" and A.B.C. Plumbing's "nearly six decades of operations."  *Id.*

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits.  Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor.  *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016).  To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

3

ANALYSIS

## I. Claim and Issue Preclusion[2]

Prior to initiating this lawsuit, A.B.C. Plumbing filed a complaint under the Internet Corporation for Assigned Names and Numbers' ("ICANN") Uniform Domain Name Dispute Resolution Policy ("UDRP"). The UDRP is a "means to resolve disputes over Internet domain names" and allows a party to "challenge the use of a domain name on the Internet" by filing a complaint. *Hewlett-Packard Dev. Co. v. Midwest Info. Tech. Grp., Inc.*, No. 04-3055, 2006 WL 1554175, at *1 (C.D. Ill. June 2, 2006). Before the arbitrator ruled on A.B.C. Plumbing's UDRP complaint, however, A.B.C. Plumbing moved for voluntary dismissal and the arbitrator dismissed the complaint with prejudice. Given this prior proceeding, ABC HVAC argues that the principles of claim and issue preclusion bar A.B.C. Plumbing's current claims.

The Court can swiftly discard ABC HVAC's assertion that issue preclusion, or collateral estoppel, warrants dismissal. Beyond a brief reference to this doctrine, ABC HVAC does not substantively address the elements of collateral estoppel or explain why collateral estoppel may apply to the instant case. It has therefore waived this argument. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (holding that a party waives an argument if it is "underdeveloped, conclusory, or unsupported by law"); *Gross v. Town of Cicero*, 619 F.3d 697,

---

[2] Claim and issue preclusion are both affirmative defenses and "the proper procedure is to raise the defense[s] and then move for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure," meaning that it was "technically incorrect" for ABC HVAC to make these arguments in a motion to dismiss under Rule 12(b)(6). *Walczak v. Chi. Bd. of Educ.*, 739 F.3d 1013, 1016 n.2 (7th Cir. 2014). The Court nonetheless addresses the issue at this stage of the case because it has "all [it] need[s] in order to be able to rule on the defense, and anyway the plaintiff does not complain about the error." *Id.*; *see also Price-Moore v. Urb. Fin., LLC*, No. 1:20-CV-00707, 2020 WL 6955609, at *4 n.3 (N.D. Ill. Nov. 26, 2020) (considering claim preclusion arguments at the motion to dismiss stage because "the presentation of the defense via the current filings is sufficient to decide this particular issue").

704 (7th Cir. 2010) ("[I]t is not this court's responsibility to research and construct the parties' arguments.").

ABC HVAC's arguments regarding claim preclusion, or *res judicata*, are slightly more developed but ultimately fare no better. "The doctrine of *res judicata* bars a second suit if: (1) the second suit is based on the same claim; (2) both cases involve the same parties; and (3) the first case was decided by a final judgment on the merits by a tribunal of competent jurisdiction." *Hewlett-Packard*, 2006 WL 1554175, at *3 (citing *Smith v. City of Chicago*, 820 F.2d 916, 917 (7th Cir. 1987); *Spiller v. Cont'l Tube Co.*, 95 Ill. 2d 423, 432 (1983)). While ABC HVAC asserts that "[u]nder ordinary preclusion principles, a dismissal with prejudice is a final judgment on the merkst [sic]," Doc. 42 at 3, it provides no authority or argument to support the conclusion that this is true in the unique context of a UDRP proceeding. Importantly, the UDRP expressly allows parties to "submit their dispute, 'to a court of competent jurisdiction for independent resolution before such mandatory administrative proceeding is commenced or after such proceeding is concluded,'" and "ICANN will abide by the decision from the court proceeding." *Hewlett-Packard*, 2006 WL 1554175, at *3; *see also Barcelona.com, Inc. v. Excelentisimo Ayuntamiento De Barcelona*, 330 F.3d 617, 624 (4th Cir. 2003) ("[T]he UDRP itself contemplates judicial intervention, which can occur before, during, or after the UDRP's dispute-resolution process is invoked."). Because of this, "[n]umerous courts have agreed that an arbitrator's decision under the [UDRP] is not binding on federal court proceedings." *Hewlett-Packard*, 2006 WL 1554175, at *2 (collecting cases). Given that the UDRP proceedings were not binding, the arbitrator's dismissal of the complaint does not amount to a final judgment and does not preclude the instant claims. *Id.* at *3 ("[T]he [UDRP] arbitrator's decision was not a final judgment that had binding effect on the parties. Since there was no effective final

judgment, *res judicata* does not apply."); *see also Maruti.com v. Maruti Udyog Ltd.*, 447 F. Supp. 2d 494, 476 n.10 (D. Md. 2006) ("The [arbitrator's] decision has no collateral estoppel or *res judicata* effect and is entitled to no deference from the district court.").[3]

**II.      Failure to State a Claim**

ABC HVAC next asks the Court to dismiss the trademark infringement claims, arguing that A.B.C. Plumbing cannot state a valid claim for trademark infringement under the Lanham Act.  To state a claim for trademark infringement under the Lanham Act, a plaintiff must plausibly allege that: "(1) it has a protectable right in the asserted trademarks; and (2) the defendant's use of the mark is likely to cause confusion."  *KJ Korea, Inc. v. Health Korea, Inc.*, 66 F. Supp. 3d 1005, 1012 (N.D. Ill. 2014) (citing *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 673–74 (7th Cir. 2001); *Packman v. Chi. Trib. Co.*, 267 F.3d 628, 638 n. 8 (7th Cir. 2001)). Although the motion to dismiss could be clearer, the Court understands ABC HVAC to argue that the complaint does not sufficiently allege either element.  The Court addresses each in turn.

With respect to the first element, ABC HVAC argues that its "documented use of the mark in commerce (including domain registration in 2019 and active invoicing in early 2020) establishes [its] priority of use in their market."  Doc. 42 at 3; *see also Hana Fin., Inc. v. Hana Bank*, 574 U.S. 418, 419 (2015) ("Rights in a trademark are determined by the date of the mark's first use in commerce.  The party who first uses a mark in commerce is said to have priority over other users.").[4]  Presumably, ABC HVAC intends for this argument to undermine A.B.C.

---

[3] Because the Court finds that there was not a final judgment in the UDRP proceeding, it does not address A.B.C. Plumbing's remaining preclusion arguments at this time.

[4] The parties argue over whether the Court can consider exhibits attached to the motion to dismiss indicating that ABC HVAC "registered the domain Abchvacservice.com in 2019 and have preserved business invoices demonstrating active use of the mark for HVAC services in the Chicagoland area dating

Plumbing's allegation that it has a protectable right in the asserted marks. But this fails because A.B.C. Plumbing allegedly began using the asserted marks in commerce in 1968, approximately fifty-one years *before* ABC HVAC began using the allegedly infringing mark in 2019 or 2020. The proposition that ABC HVAC's later use of the allegedly infringing mark somehow establishes priority of use and superior rights in this case, despite A.B.C. Plumbing's alleged continuous use of the mark since 1968, is nonsensical and unsupported by authority. Moreover, ABC HVAC's one-sentence argument regarding this issue is entirely conclusory, resulting in waiver. *See Puffer*, 675 F.3d at 718; *Gross*, 619 F.3d at 704.

ABC HVAC next argues that A.B.C. Plumbing has not sufficiently alleged a likelihood of confusion. Doc. 42 at 3 ("Plaintiff cannot simply recite that the marks are Simulator [sic] and that confusion is possible. Plaintiff must allege marketplace facts making confusion plausible[.]"). But this argument is again underdeveloped, as ABC HVAC simply ignores most of the relevant factual allegations in the complaint, rather than explaining why those allegations do not plausibly allege a likelihood of confusion. And even if ABC HVAC had sufficiently developed this argument, the Court agrees with A.B.C. Plumbing that the complaint suffices at this stage of the case.

In the Seventh Circuit, courts utilize a seven-factor test when analyzing the likelihood of confusion: "(1) similarity between the marks in appearance and suggestion; (2) similarity of the products; (3) area and manner of concurrent use; (4) degree of care likely to be exercised by

---

back to at least March 2020." Doc. 42 at 2. The Court does not need to resolve this issue, however, because the complaint itself alleges these same facts. Doc. 1 ¶ 15 ("[O]n or about November 2, 2019, Defendant Daoudi registered the domain name Abchvacservice.com. On or about March 20, 2020, Defendant Daoudi began conducting day-to-day business as a sole proprietor offering HVAC services under the name and mark ABC HVAC Service in the Chicago metropolitan area.").

consumers; (5) strength of the plaintiff's mark; (6) actual confusion; and (7) intent of the defendant to 'palm off' his product as that of another." *Packman*, 267 F.3d at 643. "No single factor is dispositive, and courts may assign varying weights to each of the factors depending on the facts presented, although, in many cases, the similarity of the marks, the defendant's intent, and actual confusion are particularly important." *Id.* Importantly, because this is a fact-intensive analysis, "it ordinarily does not lend itself to a motion to dismiss." *My Health, Inc. v. Gen. Elec. Co.*, No. 15-CV-80, 2015 WL 9474293, at *5 (W.D. Wis. Dec. 28, 2015). At this stage, the Court can only determine whether A.B.C. Plumbing "has pled facts sufficient to notify [ABC HVAC] of its claims and to plausibly allege likelihood of confusion; the court will not weigh facts." *Id.*

Here, A.B.C. Plumbing alleges that both parties offer heating, air conditioning, and ventilation services to consumers throughout the Chicago metropolitan area and that the parties' marks are "confusingly similar" in appearance because they both include "ABC" stylized in block letters. Doc. 1 ¶¶ 2, 16, 20. A.B.C. Plumbing further alleges that it "has grown into one of the most well-known brands in the Chicago metropolitan area" and that its mark is "[o]ne of the most easily recognized logos in the Chicago area." *Id.* ¶ 14. Finally, A.B.C. Plumbing alleges that Defendants have taken efforts to "blur the lines between their relatively new business and Plaintiff's nearly six decades of operations" by claiming on their website to have "a rich history of excellence." *Id.* ¶ 17. Viewed together, the Court finds that these factual allegations—which pertain to five of the seven likelihood of confusion factors—suffice to plausibly allege likelihood of confusion and notify ABC HVAC of the trademark infringement claims. *My Health*, 2015 WL 9474293, at *5; *see also Republic Techs. (NA), LLC v. Friends Trading Inc.*, No. 19 C 7991, 2020 WL 5905218, at *7 (N.D. Ill. Oct. 6, 2020) ("Plaintiffs have alleged sufficient facts

8

pertaining to four of the seven likelihood of confusion factors: the first, second, third, and fifth factors. By doing so, Plaintiffs have raised the possibility of likelihood of confusion 'above a speculative level.'"); *KJ Korea*, 66 F. Supp. 3d at 1015 ("The complaint includes facts relating to all but the fourth factor. Viewed together, these factual allegations are sufficient to raise the possibility of relief above the 'speculative level.'").

In its reply, ABC HVAC nonetheless argues for the first time that the likelihood of confusion is lessened in this case for various reasons, including that (1) A.B.C. Plumbing's mark is "weak" because it includes "a short and commonplace combination of letters used by many businesses and carrying limited inherent distinctiveness;" (2) ABC HVAC's logo "is not 'ABC' standing alone" but instead "includes descriptive wording identifying the nature of the services offered;" and (3) residential heating, air conditioning, and ventilation consumers "typically evaluate contractors based on service type, price, availability, reputation, and location." Doc. 46 at 4. The Court does not substantively address these arguments because arguments made for the first time on reply are waived. *See United States v. Williams*, 85 F.4th 844, 849 (7th Cir. 2023) ("Just as undeveloped arguments are waived, so are arguments raised for the first time in reply briefs."); *White v. United States*, 8 F.4th 547, 552–53 (7th Cir. 2021) (holding that arguments raised for the first time in a reply brief are waived as they leave no chance for the other party to respond). Moreover, these arguments go to the merits of A.B.C. Plumbing's claim and are inappropriate for a motion to dismiss. *My Health, Inc.*, 2015 WL 9474293, at *5 ("[Defendant] essentially invites the court to weigh and resolve questions of fact. But the court will address those questions at summary judgment or trial. At the 12(b)(6) stage, [plaintiff] is not required to *prove* that [defendant's] use is likely to cause confusion; it is sufficient that [plaintiff] has placed [defendant] on notice of the nature of its claims and supported them with plausible allegations.").

## CONCLUSION

For the foregoing reasons, the Court denies ABC HVAC's motion to dismiss [42].

Dated: July 21, 2026

SARA L. ELLIS
United States District Judge

10